IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Monterio Lamarcus Hood,                ) | C/A No.: 1:13-1098-DCN-SVH |
| )                                                                  | |
| Plaintiff,        ) | |
| )                                                                  | |
| vs.                ) | ORDER |
| )                                                                  | |
| William R. Byars, Jr., Director of        ) | |
| SCDC; Robert E. Ward, Director of Op.;   ) | |
| Dennis R. Patterson, Sr., Regional       ) | |
| Director; Michael D. McCall, Warden of   ) | |
| Lee CI; NFN Greer, Chief Investigator;   ) | |
| Robert M. Stevenson, III, Warden of      ) | |
| Broad River CI; Dennis Bush, Assc.       ) | |
| Warden; Gregory Pack, Captain; and       ) | |
| NFN Estes, Investigator,                 ) | |
| )                                                                  | |
| Defendants.      ) | |

Monterio Lamarcus Hood ("Plaintiff"), proceeding pro se and in forma pauperis, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Before the court is Plaintiff's motion to amend the complaint [Entry #23].

Plaintiff's motion to amend his complaint seeks to add additional defendants and claims. [Entry #23]. However, Plaintiff provides no proposed amended complaint and references his initial complaint without incorporating the allegations contained therein. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the

amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted); *see also Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (a pro se litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action). Here, without a proposed amended complaint containing all of Plaintiff's allegations in this case, the undersigned is unable to evaluate whether amendment is appropriate. Therefore, Plaintiff's motion [Entry #23] must be denied without prejudice. If Plaintiff timely submits a subsequent motion to amend in proper form, the court will consider it. Plaintiff is reminded that he should indicate whether his claims have been administratively exhausted in his proposed complaint. Additionally, it is not necessary for Plaintiff to submit evidentiary attachments to his proposed complaint.

    IT IS SO ORDERED.

*Shiva V. Hodges*

August 23, 2013                                         Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge