IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Monterio Lamarcus Hood,<br><br>    Plaintiff,<br><br>vs.<br><br>William R. Byars, Jr., Director of SCDC; Robert E. Ward, Director of Operations; Dennis R. Patterson Sr., Regional Director; Michael D. McCall, Warden of Lee CI; NFN Greer, Chief Investigator; Robert M. Stevenson, III, Warden of Broad River CI; Dennis Bush, Assc. Warden; Gregory Pack, Captain; and NFN Estes, Investigator,<br><br>    Defendants. | C/A No.: 1:13-1098-DCN-SVH<br><br><br>ORDER |

Monterio Lamarcus Hood ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at the Broad River Correctional Institution ("BRCI"), a facility of the South Carolina Department of Corrections ("SCDC"). He brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the following defendants: SCDC Director William Byars; SCDC Director of Operations Robert E. Ward; SCDC Regional Director Dennis R. Patterson; Lee Correctional Institution ("LCI") Warden Michael McCall; SCDC Investigator Greer; BRCI Warden Robert M. Stevenson; BRCI Associate Warden Dennis Bush; BRCI Captain Gregory Pack; and BRCI Investigator Estes (collectively "Defendants"). Plaintiff alleged Defendants violated his due process rights when they held him in investigative detention in the Special Management Unit ("SMU") without notice and a hearing. [Entry #1].

This matter comes before the court on the following motions: (1) Defendants' motion to compel [Entry #28]; (2) Plaintiff's motion to amend the complaint [Entry #29]; (3) Plaintiff's motion to compel [Entry #30]; and (4) Defendants' motion for an extension of time [Entry #32]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.  Motions to compel

Defendants' motion to compel states that Plaintiff was served with Defendants' interrogatories and requests for production on July 17, 2013, but he failed to timely respond. [Entry #28]. Plaintiff did not file a response to Defendants' motion to compel. Defendants' motion to compel is granted, and Plaintiff is instructed to respond to the interrogatories and requests for production by November 4, 2013.

Plaintiff also filed a motion to compel seeking responses to interrogatories and requests for production he served on Defendants' counsel on August 21, 2013. [Entry #30]. According to Plaintiff, Defendants objected to the discovery requests as untimely, because the scheduling order required that all discovery requests be served in time for the responses thereto to be served by September 9, 2013. *Id*.; *see also* Entry #18. Plaintiff requests an extension to allow him to obtain discovery requests from Defendants. Plaintiff's motion is granted, and Defendants are directed to respond to Plaintiff's interrogatories and requests for production by November 4, 2013.

II.  Plaintiff's motion to amend the complaint

Plaintiff seeks to amend his complaint to assert claims for false imprisonment and

2

retaliation and to add additional defendants. [Entry #29]. Plaintiff previously filed a motion to amend, but his motion was denied without prejudice on August 23, 2013, because he failed to submit a proposed amended complaint. [Entry #26]. Additionally, Plaintiff was instructed that he should indicate whether his claims have been administratively exhausted in a proposed complaint. *Id*.

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).

In the instant case, Plaintiff's proposed amendment is futile. Plaintiff seeks to add a claim of false imprisonment based on allegations that he has been housed in the SMU longer than SCDC regulations allow. [Entry #29]. He seeks to assert the false imprisonment claim against the following proposed defendants: BRCI Lieutenant D. Carter, BRCI Major Gregory Washington, LCI Associate Warden Nolan, and LCI Associate Warden James Dean. [Entry #29-3 at 4]. However, because Plaintiff does not allege that his confinement in prison itself is illegal, he has not set forth a viable claim for false imprisonment.

Plaintiff also seeks to assert a retaliation claim against Disciplinary Hearing Officer Ernest Rowe. [Entry #29-3 at 6–8]. Plaintiff claims that Rowe conspired with McCall, Patterson, Stevenson, Bush, and Washington to find Plaintiff guilty of participating in a riot. Plaintiff believes the charge and guilty verdict were in retaliation

for his filing the instant case. *Id*. Additionally, Plaintiff alleges Rowe denied him due process during the disciplinary hearing on August 5, 2013. Plaintiff claims that he has started the steps to exhaust his administrative remedies regarding Rowe's decision, but he "is promised to be denied at both steps." [Entry #29-3 at 8]. A plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity. *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006). Here, because Plaintiff admits his appeal of Rowe's decision is not final, Plaintiff's retaliation claim against Rowe is futile until he exhausts his administrative remedies.

Because Plaintiff's claims for false imprisonment and retaliation are futile, Plaintiff's motion to amend is denied.

III.  Defendants' motion for an extension

Defendants move for a 90-day extension of time to file dispositive motions, noting that there were three pending motions that could potentially affect dispositive motions. [Entry #32]. The undersigned has addressed the pending motions, *supra*, in this order, and the remaining pending discovery is now due by November 4, 2013. The undersigned grants Defendants' request for an extension, with the deadline for filing dispositive motions extended to December 4, 2013.

IV.     Conclusion

For the foregoing reasons, Defendants' motion to compel [Entry #28] and Plaintiff's motion to compel [Entry #30] are granted, Plaintiff's motion to amend his complaint [Entry #29] is denied, and Defendants' motion to extend the deadline is granted such that dispositive motions are due by December 4, 2013.

IT IS SO ORDERED.

*[Signature: Shiva V. Hodges]*

October 3, 2013
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge