IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Monterio Lamarcus Hood, | ) | C/A No.: 1:13-1098-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| William R. Byars, Jr., Director of | ) | |
| SCDC; Robert E. Ward, Director of | ) | |
| Operations; Dennis R. Patterson Sr., | ) | REPORT AND RECOMMENDATION |
| Regional Director; Michael D. McCall, | ) | |
| Warden of Lee CI; NFN Greer, Chief | ) | |
| Investigator; Robert M. Stevenson, III, | ) | |
| Warden of Broad River CI; Dennis | ) | |
| Bush, Assc. Warden; Gregory Pack, | ) | |
| Captain; and NFN Estes, Investigator, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Monterio Lamarcus Hood is an inmate incarcerated at the Broad River Correctional Institution ("BRCI"), a facility of the South Carolina Department of Corrections ("SCDC"). He brings this civil rights action, pro se and in forma pauperis, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the following defendants: SCDC Director William Byars; SCDC Director of Operations Robert E. Ward; SCDC Regional Director Dennis R. Patterson; Lee Correctional Institution ("LCI") Warden Michael McCall; SCDC Investigator Greer; BRCI Warden Robert M. Stevenson; BRCI Associate Warden Dennis Bush; BRCI Captain Gregory Pack; and BRCI Investigator Estes ("Defendants").

This matter is before the court on Defendants' motion for summary judgment.

[Entry #38]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #39]. This motion having been fully briefed [Entry #49], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, this Report and Recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends Defendants' motion for summary judgment [Entry #38] be granted.

I.      Factual Background

Plaintiff was housed in the Special Management Unit ("SMU") at LCI, but was transferred to BRCI after LCI inmates rioted. [Entry #38-1 at 1–2]. He contends he was held in investigative detention in BRCI's SMU for three months beyond a prior sanctioned disciplinary detention without any disciplinary charges being filed or receiving any due process protections. [Entry #1 at 6]. Plaintiff further claims that a prison policy that allows an indefinite time frame for investigations, "SCDC Policy/Procedure OP-22.14, § 4.3.2," is unconstitutional. *Id.* at 6. He alleges that though he was not under investigation, he remained in SMU investigative detention. *Id.* at 2, 4. He argues his SMU detention was highly restrictive and constitutes an atypical and significant hardship from the ordinary incidences of prison life. *Id*. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 11–12.

II.     Discussion

    A.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319

3

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.   Analysis

Defendants contend they are entitled to summary judgment because Plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").[1] [Entry #38-1 at 14–16]. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A plaintiff must avail himself of every level of available administrative review, *see Booth v. Churner*, 532 U.S. 731 (2001), and "it is the prison's requirements, and not the [PLRA], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

---

[1] Defendants also move for summary judgment on the merits of Plaintiff's due process and conditions of confinement claims and argue they are entitled to qualified immunity. Because the undersigned recommends that summary judgment be granted for failure to exhaust, these arguments are not addressed.

The court takes notice that SCDC's grievance process requires an inmate to file a Step 1 grievance with designated prison staff. *See, e.g., Sweat v. Reynolds*, C/A No. 9:11-1706-MGL, 2013 WL 593660, *4 (D.S.C. February 15, 2013).[2] If the Step 1 grievance is denied, the inmate must appeal to the warden of his facility via a Step 2 grievance. *Id*. An inmate properly exhausts a claim under § 1983 only after completing both Steps 1 and 2 in the SCDC grievance process. *Id*.

Defendants offer affidavits from McCall and Stevenson who attest Plaintiff did not timely file a Step 2 grievance. [Entry #38-3 at 3, #38-4 at 3]. In his response, Plaintiff does not argue that he filed a Step 2 grievance, but instead references a SCDC handout about exhaustion of remedies and cites to an Administrative Law Court appeal that he filed on March 6, 2013, that was dismissed on March 21, 2013. [Entry #s 49 at 3, 49-7 at 1–5]. Plaintiff also cites to affidavits from other inmates who attest that they heard Plaintiff complain to BRCI officers about being improperly held in SMU. [Entry #49 at 3, #49-8 at 1–10.] Additionally, Plaintiff refers to an unanswered SCDC Request Form that he sent on April 2, 2013, to defendant Greer, and a response from defendant Stevenson, dated April 10, 2013, informing Plaintiff the investigation was ongoing. [Entry #49 at 4–5, #49-9 at 1–3]. Plaintiff has not cited to any evidence demonstrating he exhausted his administrative remedies by filing a Step 2 grievance. Defendants are therefore entitled to summary judgment. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (finding that

---

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

"prisoners must exhaust 'such administrative remedies as are available' prior to filing suit in federal court challenging prisoner conditions") (quoting 42 U.S.C. § 1997e(a)).

III.     Conclusion

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment [Entry #38] be granted.

IT IS SO RECOMMENDED.

May 29, 2014                                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).